YELLOW CAB & BAGGAGE COMPANY, APPELLANT, V. COUNTY BOARD OF EQUALIZATION OF DOUGLAS COUNTY, APPELLEE.

FILED OCTOBER 11, 1929. No. 26796.

*John A. McKenzie,* for appellant.

*Henry J. Beal* and *W. W. Slabaugh, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ., and REDICK, District Judge.

GOSS, C. J.

For 1928 taxes, appellant listed its 107 cabs and 18 trucks with the county assessor at $45,299, and listed other tangible property at $3,279. On notice and hearing the board of equalization of Douglas county raised the total taxable value to $120,000. Plaintiff appealed and, after a hearing, the district court fixed the total valuation of the tangible property at $80,570.17. Plaintiff appealed to this court.

"All property in this state, not expressly exempt therefrom, shall be subject to taxation, and shall be valued and assessed at its actual value. 'Actual value,' as used in this act, shall mean its value in the market in the ordinary course of trade." Comp. St. 1922, sec. 5820.

Quite a substantial part of the items as fixed by the decree below are not attacked. For some of the cabs in controversy the evidence does not definitely show a market value in the ordinary course of trade because there was no real market for such cabs. It was therefore difficult for the trial court, and is likewise hard for us, to fix the actual value. We think, however, the fair deductions from the evidence, taking it from that received from both appellant and appellee, warrant the reduction made by the district court but do not require any lower valuations on this appeal. To enter into an extended discussion of the particular items of the evidence upon which we base our conclusion would unduly protract our opinion and would not be of value to the parties or to the profession.

For the reasons stated, the judgment of the district court is

AFFIRMED.